3078931 – MWH/KAH/CG/ad

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAM DEVELOPMENT GROUP, INC., an Illinois corporation, <br><br> Plaintiff, <br><br> v. <br><br> EYM REALTY GRIFFITH PLAZA, LLC, a Texas limited liability company; EYM REALTY OF WISCONSIN, LLC, a Texas limited liability company; EYM REALTY OF INDIANA, LLC a Texas limited liability company; and EYM GROUP, INC., a Texas corporation, <br><br> Defendants. | Docket No. 25-cv-6636 <br><br> Hon. Heather K. McShain |

**CAM DEVELOPMENT GROUP, INC'S**
**MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. 12(c)**

NOW COMES Plaintiff, CAM Development Group, Inc., by and through its attorneys, Amundsen Davis, LLC, for its Motion for Judgment on the Pleadings Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, respectfully seeking entry of judgment in its favor and against Defendants, EYM REALTY GRIFFITH PLAZA, LLC; EYM REALTY OF WISCONSIN, LLC; EYM REALTY OF INDIANA, LLC; and EYM GROUP, INC.; states as follows:

**INTRODUCTION**

1. This action involves multiple claims of breach of contract arising out of three separate construction contracts (the Contracts") between Plaintiff, CAM Development Group, Inc. ("CAM"), and: (1) EYM Realty Griffith Plaza, LLC; (2) EYM Realty of Wisconsin, LLC; and (3) EYM Realty of Indiana, LLC (collectively referred to as the "EYM Realty Defendants") concerning the

provision of labor, equipment and materials for three construction projects owned by the EYM Realty Entities.

2. On June 16, 2025, CAM filed a four-count Complaint asserting a cause of action for breach of contract against each of the EYM Entities, as well as against EYM GROUP, INC. ("EYM Group"), based upon their respective failures to pay CAM for its full performance of the Contracts (Dkt. 1).

3. On October 2, 2025, this Court entered an order requiring the EYM Realty Entities and EYM Group (collectively, "Defendants") to file their Answer(s) to the Complaint on or before October 24, 2025 (Dkt. 19).

4. On October 24, 2025, Defendants filed their Answer to the Complaint (Dkt. 20), which contained, among others, the following relevant admissions:

    a. The total amount due to CAM from the EYM Realty Defendants on Counts I, II and III is $206,000 (Dkt. 20; ¶ 1, 3, 14, 18, 22);

    b. CAM fully performed its contractual duties (Dkt. 20; ¶ 2, 49); and

    c. The EYM Realty Defendants failed to pay CAM the agreed upon contract price (Dkt. 20; ¶ 2);

5. Accordingly, CAM now moves for entry of judgment pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on grounds that Defendants have admitted all essential elements of CAM's cause(s) of action such that no issues of material fact exist, and judgment should be entered in favor of CAM and against Defendants based solely upon the matters presented in the pleadings.

## **LEGAL STANDARD**

6. Rule 12(c) of the Federal Rules of Civil Procedure provides that: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).

7. The Seventh Circuit Court of Appeals has opined that: "Judgment on the pleadings is appropriate when there are no disputed issues of material fact and it is clear that the moving party… is entitled to judgment as a matter of law." *Unite Here Local 1 v. Hyatt Corp.*, 862 F.3d 588, 596 (7th Cir. 2017).

8. For purposes of a motion for judgment on the pleadings pursuant to Rule 12(c), a written instrument attached in a complaint is considered part of the pleadings. *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002).

9. Additionally, it is axiomatic that "uncontested allegations to which the parties had an opportunity to respond are taken as true." *Burlington Inc. Co. v. Phillips-Garret, Inc.*, 37 F.Supp.3d 1005, 1010 (Citing to *U.S. v. Wood*, 925 F.2d 1580, 1581 (7th Cir. 1991)).

10. In this case, judgment against all Defendants is proper pursuant to rule 12(c) on grounds that: (a) the EYM Realty Defendants' Answer consists of one paragraph expressly admitting joint liability to CAM, which also constructively admits all other allegations against the EYM Realty Defendants based on their failure to answer same (Dkt. 20; ¶ 1); and (b) the EYM Group's Answer concedes the authenticity of all exhibits attached to CAM's complaint, an identity of interest and an identity of agency as between EYM Group and the EYM Realty Entities, thereby effectively admitting to liability as an alter-ego, agent and/or beneficiary of the EYM Realty Defendants.

**ARGUMENT**

A. *The EYM Realty Entities have admitted all allegations related to CAM's Breach of Contract Claims (Counts I-III)*

11. As a threshold matter, each of the Contracts provide that they are "governed and construed in accordance with the laws of the state of Texas." (Dkt. 1: Ex. A, Pg. 10; Ex. B, Pg. 10; Ex. C, Pg. 10).

12. Under Texas law, a plaintiff asserting a claim for breach of contract must allege specific facts establishing: (1) formation of a valid contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damages as a result of the breach. *S&S Emergency Training Sols., Inc v. Elliot*, 2018 Tex. LEXIS 1312 ¶ 9.

13. CAM's Complaint alleged specific facts establishing each of the above elements against the EYM Realty Defendants and included a prayer for relief for pre-judgment interest (Dkt. 1, ¶¶ 23-37).

14. The EYM Realty Defendants' collective Answer to the Complaint consists of one paragraph stating that: "EYM Realty Defendants admit and state that the parties agreed that the total amount due on the projects that are the subject of Counts I, II and II is $206,000." (Dkt. 20, ¶ 1)[1].

15. The EYM Realty Defendants made no answer with respect to the remaining allegations advanced in paragraphs 1-37; consequently, under well-established federal case law, those allegations are deemed admitted. *Burlington Inc. Co. v. Phillips-Garret, Inc.*, 37 F.Supp.3d 1005, 1010 (Citing to *U.S. v. Wood*, 925 F.2d 1580, 1581 (7th Cir. 1991)).

16. Furthermore, an admission, once admitted, deemed or otherwise, constitutes a "judicial admission," and a party may not then introduce testimony to controvert it. *Naan Props., LLC v. Affordable Power, LP*, 2012 Tex. LEXIS 271 ¶ 32.

17. Under well-established Texas law, prevailing parties receive prejudgment interest as a matter of course. *Richter, S.A. v. Bank of America Nat'l Trust & Sav. Ass'n*, 1991 US App. LEXIS 19867 ¶ 61.

18. In Texas, prejudgment interest is designed to compensate the plaintiff "for the defendant having beneficial use of the damage funds between the time of the occurrence and

---

[1] Since filing its Complaint, Plaintiff has been alerted to the fact that Defendants subsequently made payments to various subcontractors who performed work in connection with the agreements, and that the total amount due CAM for its performance of the Contracts is $206,000. Plaintiffs will therefore stipulate to a revised damage claim in the amount of $206,000 (reduced from $238,444.20 as stated in the Complaint).

4

judgment." *Concorde Limousines, Inc. v. Moloney Coachbuilders, Inc.*, 835 F.2d 541, 549 (5th Cir. 1987) (quoting *Matthews v. DeSoto*, 721 S.W.2d 286, 287 (Tex. 1986)).

19. Under Texas law, pre-judgment interest begins to accrue on the earlier of: (1) 180 days after the date a defendant receives written notice of a claim; or (2) the date suit is filed." *Johnson & Higgins v. Kenneco Energy*, 962 S.W.2d, 507, 531 (5th Cir. 1998)

20. CAM provided written notice of its claims by way of the final invoices provided to Defendants following CAM's performance of the Contracts, which occurred on January 20, 2023.[2]

21. As of the filing of this motion, the applicable pre-judgment interest rate published by the Texas Office of Consumer Credit Commissioner is 18.00%.[3]

22. CAM is entitled to prejudgment interest on grounds that: (i) its damages are definite and certain, confirmed by Defendants' judicial admissions regarding same; and (ii) CAM expressly pled a request for pre-judgment interest in its prayer for relief (Dkt. 1, ¶¶ 27, 32, 37, 51).

23. Put another way, the EYM Realty Defendants have enjoyed the use of the buildings constructed by CAM for their businesses without paying the amount the EYM Realty Defendants now acknowledge was always due and owing to CAM for those projects dating back to January 20, 2023—essentially requiring CAM to finance their projects and businesses for years without interest—and as a result, the EYM Realty Defendants should now be required to compensate CAM for the interest on and time value of that money.

24. As set forth in Rule 12(c), the pleadings are "closed" as to the EYM Realty Defendants. *See* Fed. R. Civ. P. 12(c); (Dkt. 19).

25. Based on the foregoing, including Defendants' judicial admissions that: (i) CAM fully performed its obligations under the Contracts; (ii) CAM's damages are definite and certain

---

[2] True and correct copies of said invoices are attached hereto as **Group Exhibit A**.
[3] https://occc.texas.gov/publications/interest-rates

($206,000); (ii) the EYM Realty Defendants breached the Contracts by failing to pay said amount to CAM; and (iii) the EYM Realty Defendants, collectively, owe CAM for said damages and breaches, this Court should enter judgment as follows:

    a. In favor of CAM and against the EYM Realty Defendants, jointly and severally;

    b. In the amount of $206,000, plus pre-judgment interest in the amount of 18%, from July 19, 2023 (180 days following written notice) to the date prior to entry of judgment.

**B.**     ***The EYM Group has admitted CAM's allegations sufficient to impute liability as an alter-ego of the EYM Realty Entities (Count IV)***.

26. In its Answer to CAM's Complaint, the EYM Group: (1) admits the authenticity of all exhibits to the Complaint (Dkt. 20; ¶ 11, 15, 19, 40, 41); (2) admits that it is a parent company of the EYM Realty Defendants (Dkt. 20; ¶ 8); and (3) admits that the same individual, Eduardo Diaz, is the sole manager of each of the EYM Realty Defendants and the sole officer of the EYM Group (Dkt. 20; ¶ 44).

27. Moreover, the EYM Group admits virtually all of the background allegations set forth in paragraphs 1-22, except for paragraphs 3, 14, 18 and 22 where it contends that: "EYM Group lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations. Answering further, upon information and belief, EYM Group states that the EYM Realty Defendants admit that they owe a combined $206,000 on Counts I, II, and III." (Dkt. 20; ¶ 4, 14, 18, 22).

28. As set forth in Rule 12(c), the pleadings are "closed" as to the EYM Group. *See* Fed. R. Civ. P. 12(c); Dkt. 19.

29. Consequently, as a result of the EYM Group's admissions and/or failures to deny pertinent allegations against it, this Court should enter an order imputing liability against the EYM Group as to any judgment entered against the EYM Realty Defendants.

WHEREFORE, CAM Development Group, Inc., an Illinois corporation, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, prays that judgment be entered in its favor and against Defendants, EYM REALTY GRIFFITH PLAZA, LLC; EYM REALTY OF WISCONSIN, LLC; EYM REALTY OF INDIANA, LLC; and EYM GROUP, INC. as follows:

a. In the amount of $206,000, plus pre-judgment interest in the amount of 18%, calculated from July 19, 2023 (180 days following written notice) to the date of entry of judgment;

b. In favor of CAM DEVELOPMENT GROUP, INC. and, jointly and severally, against: EYM REALTY GRIFFITH PLAZA, LLC; EYM REALTY OF WISCONSIN, LLC; AND EYM REALTY OF INDIANA, LLC;

c. In favor of CAM DEVELOPMENT GROUP, INC. and against EYM GROUP, INC., in the same amount identified in subpart (a) above; and

d. For other such relief as this Court deems equitable and just.

Respectfully Submitted,

CAM DEVELOPMENT GROUP, INC.,
*Plaintiff.*

  /s/   *Constantine Gavrilos*
One of its Attorneys

Matthew W. Horn, ARDC #6294719
Constantine Gavrilos, ARDC #6329716
Amundsen Davis, LLC
150 N. Michigan Ave, Suite 3300
Chicago, IL  60601
(312) 894-3200/Fax (312) 894-3210
mhorn@amundsendavislaw.com
cgavrilos@amundsendavislaw.com

**Certificate of Service**

I, Constantine Gavrilos, certify under penalties as provided by law, that a copy of this CAM Development Group, Inc.'s Motion for Judgment on the Pleadings Pursuant to Fed.R. 12(c) was filed via Electronic Case Filing (ECF) on November 17, 2025, and that the below-listed parties are registered to use the ECF in the Northern District of Illinois and therefore service on them was accomplished by ECF on November 17, 2025.

/s/ Constantine Gavrilos

***Attorneys for Defendants:***
Michael D. Lee (ARDC No. 6225432)
Katherine G. Rosendale (ARDC No. 6349881)
Kelleher + Holland, LLC
102 South Wynstone Park Drive
North Barrington, IL 60010
(847) 382-9195
mlee@kellerholland.com
krosendale@kellerholland.com